# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No. 07-CR-66-LRR |
| vs. | | |
| RONALD L. COLEMAN, | | **SENTENCING MEMORANDUM** |
| Defendant. | | |

_____

In this sentencing, the court is required to decide whether one of Defendant Ronald L. Coleman's prior convictions qualifies as a "felony drug offense" for purposes of 21 U.S.C. §§ 841(b)(1)(B) and 851.

The parties stipulate that, in 2000, Defendant was convicted of Failing to Affix a Drug Tax Stamp, in violation of Iowa Code § 453B.12 (1999) ("Prior Conviction"). The Prior Conviction stemmed from an incident in 1999, when state law enforcement officers found Defendant and his wife in possession of more than fifty grams of marijuana without an affixed drug tax stamp. PSIR at ¶ 104.

The parties disagree as to whether the Prior Conviction is a "felony drug offense" for purposes of the sentencing enhancement provisions of 21 U.S.C. §§ 841(b)(1)(B) and 851. Neither party cites any precedential cases to the court. However, the relevant statutory language, one very similar Eighth Circuit Court of Appeals case and cases from other jurisdictions foreclose Defendant's argument that his Prior Conviction is not a "felony drug offense."

Chapter 453B of the Iowa Code requires marijuana dealers to pay an excise tax on the marijuana they sell. *See* Iowa Code ch. 453B. Section 453B.12 makes it a felony in Iowa to fail to affix a drug tax stamp to such marijuana as evidence that they have paid the excise tax.

Specifically, section 453B.12 provides that "a dealer distributing, offering to sell, or possessing taxable substances without affixing the appropriate stamps, labels, or other official indicia is guilty of a class "D" felony." Iowa Code § 453B.12. "The essential elements of [Failing to Affix a Drug Tax Stamp] are (1) the defendant is a dealer, (2) who unlawfully possesses, distributes or offers to sell, (3) a taxable substance, (4) without affixing a stamp, label, or other official indicia evidencing the tax imposed by chapter 453B has been paid." *State v. White*, 545 N.W.2d 552, 555 (Iowa 1996). Marijuana is a "taxable substance," Iowa Code § 453B.1(10), and "dealer" is defined broadly as including "any person who ships, transports, or imports into [Iowa] or acquires, purchases, possesses, manufactures, or produces in [Iowa] . . . [f]orty-two and one-half grams or more of processed marijuana or of a substance consisting or containing marijuana," *id*. § 453B.1(3)(b).

To determine whether Failing to Affix a Drug Tax Stamp is a "felony drug offense," the court looks to the relevant statutory language in Title 21. For purposes of Title 21, "felony drug offense" is defined very broadly as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). Therefore, as applied to the instant case, the government must prove (1) the Prior Conviction was punishable by more than one year of imprisonment under Iowa law and (2) Iowa Code chapter 453B prohibits or restricts conduct relating to marijuana.

The court holds that Defendant's Prior Conviction is a "felony drug offense." First, the Prior Conviction is "an offense that is punishable by imprisonment for more than one year under [a] law of . . . a State . . . ." As indicated, the Prior Conviction is a class "D" felony under the law of Iowa. A class "D" felony is punishable by up to five years of imprisonment. Iowa Code § 902.9(5).

Second, Defendant's prior conviction "prohibits or restricts conduct relating to . . . marihuana . . . ." Although the Eighth Circuit Court of Appeals has not squarely addressed Iowa Code chapter 453B in the present context, in at least one prior case it has held that a very similar state drug stamp tax law "clearly" qualified as a "felony drug offense," because it prohibited or restricted conduct relating to marijuana. *See United States v. Trevino-Rodriguiez*, 994 F.2d 533, 536 (8th Cir. 1993) (holding that Kan. Stat. Ann. § 79-5208 (1989), which imposed a tax stamp requirement on marijuana and other controlled substances, qualified as a "felony drug offense" for purposes of 21 U.S.C. §§ 841(b)(1)(A) and 851). *Trevino-Rodriguez* is consistent with the decisions of other courts that have considered state drug stamp tax laws in the § 841 and § 851 context. *See, e.g., United States v. McGehee*, 177 F.App'x 815, 824-26 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1903 (2007); *United States v. McMichael*, 358 F. Supp. 2d 644, 646-47 (E.D. Mich. 2005); *see also United States v. Truelove*, 527 F.2d 980, 983 (4th Cir. 1975) (holding that a conviction for transporting untaxed marijuana was a qualifying predicate conviction under a prior version of § 841(b)(1)(A)). Citing *Trevino-Rodriguez*, the Tenth Circuit Court of Appeals reasoned in *McGehee* as follows:

> Mr. McGehee . . . maintains that his conviction in Texas for Failure to Pay Marihuana Tax—the prior conviction used by the district court to determine § 841(b)(1)(A)'s applicability—[does not] constitute[] a conviction for a . . . felony drug offense. [W]e disagree.
>
> . . . . Although [§ 802(44)] does not define what constitutes a "restriction," reference to Webster's dictionary provides adequate elucidation of its ordinary meaning. In Webster's, a "restriction" is defined as "a regulation that restricts or restrains," or "a limitation on the use or enjoyment of property or a facility." Webster's New Collegiate Dictionary 1006 (9th ed. 1991).
>
> The language of § 841(b)(1)(A) clearly covers Mr.

McGehee's prior conviction in Texas. Early on, the Supreme Court, in *M'Culloch v. Maryland*, 4 Wheat. 316, 17 U.S. 316, 431, 4 L. Ed. 579 (1819), observed that a power to tax carries with it a power to destroy. This principle—though made in reference to the Federal government's supremacy over the states—rings true here. Mr. McGehee was convicted in 1992 of violating Texas Tax Code Ann. § 159.201 (1989), which provides: "A dealer commits [a third degree felony] if the dealer possesses [marihuana] on which the tax imposed by this chapter has not been paid." The Texas Tax Code defines "dealer" as "a person who in violation of the law of [Texas] imports into [Texas] or manufactures, produces, acquires, or possesses in [Texas] … more than four ounces of a taxable substance consisting of or containing marihuana." *Id.* § 159.001 (emphasis added). . . . [W]hile ostensibly a revenue measure, § 159.201 discourages the widespread (unlawful) use of marihuana by imposing a tax on persons who—in violation of Texas law—possess, purchase, acquire, import, manufacture, or produce it. That is, § 159.201 certainly restricts (i.e., regulates or limits) conduct relating to marihuana because in order to be in compliance with Texas law, the marihuana related activity (in whatever form, e.g., possession, acquisition, importation) must be lawful or a tax will be levied, non-payment of which will result in a third-degree felony. No matter how slight, this is a restriction on conduct relating to marihuana.

    . . . . A state . . . may employ a myriad of statutory devices to restrict conduct relating to marihuana. To that end, a state may decide to enact a law that imposes severe criminal liability on persons unlawfully possessing marihuana. Or, it may pass a law that requires such persons to pay a tax on the marihuana so possessed and make its non-payment a third-degree felony. But a state's decision to do one or the other, or both, in no way alters the conclusion that such laws restrict conduct related to marihuana, 21 U.S.C. § 802(44), and that a felony conviction resulting from violative conduct is a felony drug conviction for the purposes of § 841(b).

177 F.App'x at 824-26. This reasoning applies with equal force to the Prior Conviction,

and the court adopts it in full.

Accordingly, the court holds that Defendant's Prior Conviction qualifies as a "felony drug offense" for purposes of 21 U.S.C. §§ 841(b)(1)(B) and 851.

**IT IS SO ORDERED.**

**DATED** this 1st day of April, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA